CLD-273                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1514
_____

TOM FRANKLIN,
                                        Appellant
v.

GMAC MORTGAGE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:13-cv-00171)
District Judge:  Honorable William H. Yohn, Jr.
_____

Submitted for Possible Dismissal for Lack of Jurisdiction and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 6, 2013
Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit Judges</u>

(Opinion filed: June 21, 2013)
_____

OPINION
_____

PER CURIAM

    Tom Franklin appeals pro se from the District Court's order dismissing his petition

for declaratory judgment.  Because the appeal presents no substantial question, we will

summarily affirm the District Court's order.

1

I.

In January 2013, Appellant Tom Franklin filed a pro se petition for declaratory judgment in the U.S. District Court for the Western District of Pennsylvania against GMAC Mortgage, which was subsequently transferred by order of that court to the Eastern District of Pennsylvania. In Franklin's petition, he disputed a debt owed to GMAC on Franklin's Fort Worth, Texas property, and asserted that GMAC is not permitted to foreclose on the property due to the application of two Georgia statutes, Ga. Code Ann. § 23-2-114 and § 51-1-8. Franklin also asserted that GMAC violated the federal Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692g(b), by its failure to validate the underlying debt. Franklin sought a stay of the foreclosure proceedings and $10,000,000 in damages.

On February 6, 2013, the District Court entered an order dismissing Franklin's petition with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B). In its memorandum, the District Court noted that Franklin provided no factual support to establish that GMAC violated any law, nor did Franklin provide any basis to conclude that Georgia law applied to the mortgage on his property. The District Court further noted that neither injunctive relief nor declaratory relief is available to private litigants under the FDCPA. The District Court's order provided Franklin thirty days to amend his complaint. Instead, Franklin timely appealed to this Court and submitted a brief in support of his appeal.

2

II.

As Franklin has chosen not to amend his petition per the District Court's order, and instead has sought to appeal its dismissal, we have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of the complaint under section 1915(e)(2)(B).  See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  Pleadings and other submissions by pro se litigants are subject to liberal construction, and we are required to accept the truth of Franklin's well-pleaded factual allegations while drawing reasonable inferences in his favor.  See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011); Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).  However, a pro se complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  We may summarily affirm a judgment of the District Court on any basis supported by the record if the appeal does not raise a substantial question.  See I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court correctly dismissed Franklin's petition due to Franklin's failure to state a claim.  As noted by the District Court, Franklin's conclusory assertions that GMAC's foreclosure violated Georgia law, without providing any factual support to justify the imposition of Georgia law, is insufficient to state a claim.  See Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010).  Additionally, as noted by the District Court, Franklin is not entitled to injunctive relief under the FDCPA, see Weiss v.

3

Regal Collections, 385 F.3d 337, 341 (3d Cir. 2004), and has also failed to establish or provide any factual support for his conclusory allegation that GMAC is a "debt collector" within the meaning of the FDCPA. See 15 U.S.C. § 1692a(6).

As Franklin's petition does not contain sufficient factual matter to state a claim, the District Court correctly dismissed his petition.[1] Accordingly, this appeal presents us with no substantial question, and we will summarily affirm the District Court's order. See 3rd Cir. LAR 27.4 and I.O.P. 10.6.

---

[1] Franklin's brief in support of his appeal does not address any of the District Court's concerns, but rather asserts that the District Court was biased and that his petition should not have been dismissed unless it was clear that the facts asserted, assumed to be true, failed to support a claim for relief. As there is no evidence of bias on the part of the District Court, and as this Court finds that Franklin's petition has not met the standard set forth by Iqbal, his petition was properly dismissed.