**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3321
_____

JENNIFER B. GILARMO,
                                        Appellant

v.

US BANK NA AS TRUSTEE FOR CSAB MORTGAGE
BACKED TRUST 2006-1; WELLS FARGO
BANK NA AS SERVICER; MORTGAGE ELECTRONIC
REGISTRATION SYSTEM; DOES 1-10, Inclusive
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-14-cv-08121)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2016

Before: FUENTES, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  February 5, 2016)
_____

OPINION*
_____

PER CURIAM

        Jennifer B. Gilarmo appeals from an order of the District Court dismissing her

complaint.  For the reasons that follow, we will affirm.

Gilarmo obtained a mortgage loan in January of 2006 from First Laridian Mortgage D/B/A First Lenders Mortgage Company in the sum of $193,600 to refinance a residential property located at 28 Wedgeport Drive in Toms River, New Jersey. Mortgage Electronic Registration Systems, Inc., as nominee for Laridian Mortgage, its successors and assigns, assigned the mortgage to U.S. Bank National Association, as Trustee for CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-1. A Corrective Assignment of Mortgage correcting First Laridian's name was subsequently executed. Then, in November of 2013, a Corporate Assignment of Mortgage was executed; U.S. Bank National Association, as Trustee for CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-1, assigned the mortgage to U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSAB Mortgage Backed Pass-Through Certificates, Series 2006-1. All assignments were duly recorded in the office of the Clerk of Ocean County.

Meanwhile, Gilarmo defaulted on her repayment obligations and a foreclosure suit was filed in the Superior Court of New Jersey, Ocean County by U.S. Bank, alleging that the loan was in default for the November 1, 2007 payment and all subsequent payments. Final Judgment and a Writ of Execution were entered in state court on January 7, 2015 after Gilarmo failed to appear and defend. She did not seek to appeal the foreclosure judgment in state court.

On March 4, 2015, Gilarmo filed a civil action pro se in the United States District Court for the District of New Jersey, against U.S. Bank, Wells Fargo Bank, and Mortgage Electronic Registration Systems, to quiet title. She also alleged violations of the Real

Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and the Home Ownership Equity Partnership Act ("HOEPA"), 15 U.S.C. § 1602, and she asserted tort and contract claims. She argued in the main that U.S. Bank lacked standing when it sought foreclosure in state court because of improprieties in connection with the securitization of the loan. She attached to her complaint a "Property Securitization Analysis Report" prepared for her by "Certified Forensic Loan Auditors, LLC" of California, which traced the ownership history of her Mortgage and concluded that her Note was converted into stock, that it then lost its security component (i.e., the Mortgage), and thus that the right to foreclose on her property through the Mortgage was forever lost.

The defendants moved to dismiss the complaint, Fed. R Civ. P. 12(b)(6), arguing that it failed to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6); that federal courts lack jurisdiction to review and reverse state court foreclosure judgments under the Rooker-Feldman doctrine; and that Gilarmo's RESPA and HOEPA claims were barred by statutes of limitation, among other arguments. After full briefing, the District Court held argument on the defendants' motion and granted it. The Court gave its reasons in open court, and its Order was entered on August 20, 2015.

Gilarmo appeals. We have jurisdiction under 28 U.S.C. § 1291. Gilarmo argues in her pro se brief that the District Court erred in dismissing her complaint. She cites Glaski v. Bank of America, N.A., 160 Cal. Rptr 3d 449 (Cal. Ct. App. 2013), in support of her argument that her Note was assigned not to U.S. Bank but to a securitized trust which could not legally foreclose on her property, and she further argues that the decision

3

in Suser v. Wachovia Mortgage FSB, 78 A.3d 1014 (N.J. Super. Ct., App. Div. 2013), requires reversal of the dismissal of her quiet title claim.[1]

We will affirm. We exercise plenary review over subject matter jurisdiction and Rule 12(b)(6) dismissals. See In re: Kaiser Group International Inc., 399 F.3d 558, 560 (3d Cir. 2005) (Fed. R. Civ. P. 12(b)(1)); Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001) (Fed. R. Civ. P. 12(b)(6)). We may affirm on any basis supported by the record. See Fairview Park Excavating Co. v. Al Monzo Construction Co., 560 F.2d 1122, 1123 n.2 (3d Cir. 1977).

We agree with the District Court that, to the extent that Gilarmo complained of injuries caused by the state court foreclosure judgment and invited the Court to review it and reject it, subject matter jurisdiction was lacking. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010). However, the Rooker-Feldman doctrine is narrow, id. at 167-69. Accordingly, we also hold that, to the extent that Gilarmo's civil action presented an independent non-barred claim, she failed to state a claim upon which relief may be granted, Fed. R. Civ. Pro. 12(b)(6). Dismissal under Rule 12(b)(6) is proper where the complaint fails to state a claim upon which relief may be granted, such as where the plaintiff is unable to plead "enough facts to state a claim to

---

[1] We reject as meritless one additional argument that the District Court erred in failing to strike the defendants' "untimely" motion to dismiss. The district court record shows that counsel for the defendants sought and received an extension of time until May 1, 2015 in which to respond to the complaint and then filed the motion to dismiss on May 1, 2015. Accordingly, it was not untimely. All other arguments are waived. See Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993) ("When an issue is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal.").

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Conclusory allegations are insufficient to survive a motion to dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

"[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." Warth v. Seldin, 422 U.S. 490, 498 (1975). Constitutional standing requires an injury that is concrete and particularized and that is not conjectural or hypothetical, and there must be a causal connection between the injury and the conduct complained of. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Moreover, the "prudential standing rule … normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." Warth, 422 U.S. at 509.

Gilarmo argues in her brief that U.S. bank as Trustee lacked standing to foreclose on her property because the Mortgage was not properly assigned to the Trust in accordance with the Pooling Service Agreement ("PSA"). Her support for this argument is Glaski, which held that "borrowers have standing to challenge void assignments of their loans even though they are not a party to, or a third party beneficiary of, the assignment agreement," 160 Cal. Rptr at 452. However, as the Appellees have amply shown, the overwhelming majority of courts have taken a contrary view, holding that a borrower in default has no standing to challenge an assignment said to violate a pooling

5

service agreement like the one at issue here.  <u>See</u> Appellees' Brief, at 18-20 (citing

<u>Rajamin v. Deutsche Bank National Trust Co.</u>, 757 F.3d 79, 88 (2d Cir. 2014); <u>Reinagel</u>

<u>v. Deutsche Bank National Trust Co.</u>, 735 F.3d 220, 228 & n.29 (5th Cir. 2013); <u>Correia</u>

<u>v. Deutsche Bank National Trust Co. (In re Correia)</u>, 452 B.R. 319, 324-25 (1st Cir. BAP

2011)).

When measured against this overwhelming legal precedent, we are not persuaded

that Gilarmo may challenge U.S. Bank's standing based on alleged non-compliance with

the documents governing the trust.  Gilarmo is not a party to the PSA nor a third-party

beneficiary of the PSA, and her injuries are hypothetical.  She admits that she took out

the loan, that she is in default, and she does not argue that she ever paid more than the

amount due on her loan, or that she received a bill or demand from any entity other than

the defendants.  She does not allege that the allegedly improper transfer interfered with

her ability to pay the Note, or that the original lender would have refrained from

foreclosure under the circumstances.  It seems plain enough here that the allegedly

improper assignment merely substituted one creditor for another, without changing her

obligations under the Note.

Gilarmo also argues that the decision in <u>Suser v. Wachovia Mortgage, FSB</u>, 78

A.3d 1014 (N.J. Super. Ct., App. Div. 2013), requires reversal of the dismissal of her

quiet title claim, but that case can be distinguished on its facts.  "Any person in the

peaceable possession of lands … claiming ownership thereof, may, when his title thereto,

or any part thereof, is denied or disputed … maintain an action in the superior court to

settle the title to such lands and to clear up all doubts and disputes concerning the same."

N.J. Stat. Ann. § 2A:62-1. <u>Suser</u> held that quiet title claims also include situations where a property owner seeks to resolve whether a putative assignee of an otherwise valid mortgage properly holds the mortgage. 78 A.3d at 1018-19. However, here, final judgment was entered against Gilarmo in a foreclosure action. There is no basis in the statute or her securitization argument for her quiet title claim to proceed, and <u>Suser</u> does not undermine that determination.

For the foregoing reasons, we will affirm the order of the District Court dismissing the complaint.