### Zenobia WARIDI

v.

### STERN & EISENBERG, et al.

### CIVIL ACTION NO. 17–1329

United States District Court, E.D. Pennsylvania.

Signed April 3, 2017

---

Zenobia Waridi, Wyncote, PA, pro se.

## MEMORANDUM OPINION

RUFE, District Judge.

Plaintiff Zenobia Waridi brings this civil action based on foreclosure proceedings that have been ongoing since 2002. She seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss her complaint without prejudice to her filing an amended complaint.

### I. FACTS [1]

Although the manner in which the complaint is pled makes the nature of plaintiff's claims somewhat unclear, the Court understands plaintiff to be raising claims based on foreclosure proceedings involving her home and various banks' efforts to collect on her mortgage debt. Plaintiff alleges that National Penn Bank, which apparently initiated foreclosure proceedings against her in 2002, violated its "mandatory fiduciary responsibilities by failing to file and misfile documents required by law and not following the Judge[']s orders." (Compl. at 2.) National Penn Bank apparently received a judgment against plaintiff contingent upon attending an assessment hearing. However, plaintiff alleges that the judge presiding over the case did not assess an amount she owed due to the bank's failure to attend that hearing.

National Penn Bank sold plaintiff's debt to Christiana Bank, which filed a new case against her in 2009. Plaintiff filed a counterclaim, claiming violations of the Fair Debt Collection Practices Act. She contends that the 2009 case should have been dismissed "based on RES JUDICATA, which was uncovered by Legal Aid in 2013." (Compl. at 3.)

Plaintiff's mortgage debt has continuously been sold to different financial enti-

---

1. The following facts are taken from the complaint.

ties over the years, including U.S. Bank, Deutsche Bank, Wilmington Savings Fund Society, and Equity Trust Company. With each sale, the most recent owner of the debt has attempted to collect from plaintiff. Plaintiff claims that Christiana Bank and U.S. Bank failed to send her an Act 91 notice prior to foreclosing on her and failed to provide an accurate payment history. She also contends that "the banks continued to pass on distorted and inflated amounts of the debt." (Compl. at 4.)

It also appears from plaintiff's allegations that one of the banks was awarded summary judgment, despite her belief that her counterclaim should have prevented the case from moving forward. Plaintiff claims that "the banks have used [her] lack of income, gender, age and race to continue to fight [her] with aggressive lawyers in a case that should have been dismissed in 2009 based on the fact that the case had been tried and a judgment awarded in their favor." (Compl. at 3.)

On March 24, 2017, plaintiff filed her complaint in this Court. The caption of the complaint names the following three defendants: Stern & Eisenberg, Equity Trust Company FBO, and Dennis T. Regan. However, the second page of the complaint lists the defendants as Equity Trust Company FBO, Stern & Eiseberg, Christiana Bank, U.S. Bank, and Wilmington Savings Fund Company. Plaintiff asks this court to stop the foreclosure proceedings because "the banks violated state and federal laws." (Compl. at 4.) She also asks the Court to "find in favor of RES JUDICATA," dismiss the 2009 case, and "[a]ct in favor of [her] counterclaim for [her] home to be awarded to [her] free and clear." (*Id.*) She also seeks damages.

## II. STANDARD OF REVIEW

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915 (e)(2)(B)(ii) requires the Court to dismiss the complaint if it is frivolous or fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quotations omitted). "[M]ere conclusory statements[ ] do not suffice." *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court must construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

The primary problem with the complaint is that the manner in which it is plead makes it difficult for the Court to determine who plaintiff seeks to sue and what, precisely, each defendant did. As noted above, plaintiff identified three defendants in the caption of the complaint in accordance with Federal Rule of Civil Procedure 10(a), and five defendants on the second page of her complaint, only two of whom are the same as the defendants listed in the caption. In the body of the complaint, plaintiff does not indicate what each of the defendants did so as to give rise to a claim. For instance, defendants Regan and Stern & Eisenberg are identified in the caption, but they are not mentioned anywhere in the complaint. Accordingly, plaintiff has not stated a claim against those defendants.

. The remaining entities either identified as a defendant in the caption or listed as a defendant on page two of the complaint are all financial entities that, according to the complaint, owned plaintiff's debt at some point during the fifteen years of litigation. The Court understands plaintiff to be raising claims against some or all of those defendants pursuant to the Fair Debt Collection Practices Act (FDCPA) based on their initiation and/or pursuit of foreclosure proceedings against her in attempt to collect on her mortgage debt. Although it is unclear, the gist of plaintiff's allegations appears to be that the defendants engaged in unfair or deceptive debt collection practices by repeatedly misrepresenting the amount of her mortgage debt, pursuing a foreclosure action that should be barred by res judicata, and possibly by taking advantage of her "lack of income, gender, age, and race" to aggressively pursue the foreclosure proceedings. (Compl. at 4.)

 The *Rooker–Feldman* doctrine deprives federal district courts of jurisdiction over claims that are essentially appeals from state court judgments. *Great W. Mining & Mineral Co. v. Fox Rothschild L.L.P.*, 615 F.3d 159, 165 (3d Cir. 2010). "[F]our requirements ... must be met for the *Rooker–Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judg-

ments." *Id.* at 166. It appears that a judgment was entered against plaintiff in the foreclosure proceeding and that, to some extent, she seeks review and rejection of that judgment because it has caused her injuries. Pursuant to the *Rooker–Feldman* doctrine the Court lacks jurisdiction over any of plaintiff's claims seeking review and rejection of the judgment in the foreclosure proceeding. *See Gilarmo v. US Bank NA ex rel. CSAB Mortgage Backed Trust 2006–1*, 643 Fed.Appx. 97, 100 (3d Cir. 2016) (per curiam) ("[T]o the extent that Gilarmo complained of injuries caused by the state court foreclosure judgment and invited the Court to review it and reject it, subject matter jurisdiction was lacking.").

 To the extent plaintiff's claims are not barred by the *Rooker–Feldman* doctrine, they suffer from other deficiencies. The FDCPA prohibits debt collectors from using false, misleading, deceptive, unfair, or unconscionable means of collecting a debt. *See* 15 U.S.C. §§ 1692e & 1692f. Private litigants are limited to a damages remedy under the FDCPA. *See Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004), *abrogated on other grounds by Campbell–Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016); *see also Franklin v. GMAC Mortg.*, 523 Fed.Appx. 172, 173 (3d Cir. 2013) ("Franklin is not entitled to injunctive relief under the FDCPA."). Accordingly, plaintiff is not entitled to an injunction interfering with the foreclosure proceedings in state court based on alleged violations of the FDCPA.[2]

██ "A claim under the FDCPA 'may be brought ... within one year from the date on which the violation occurs.'" *Glo-*

2. In any event, pursuant to the Anti–Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Several district courts in this circuit have held that the Anti–Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings. *See, e.g., Coppedge v. Conway*, No. CV 14-1477-GMS, 2015 WL 168839, at **1–2 (D. Del. Jan. 12, 2015) (Anti–Injunction Act prohibited federal court from enjoining sheriff's sale ordered by state court);

*ver v. F.D.I.C.*, 698 F.3d 139, 148 (3d Cir. 2012) (quoting 15 U.S.C. § 1692k(d)). When a FDCPA claim is based on a defendant's allegedly improper initiation of litigation to collect a debt, the FDCPA's one-year statute of limitations accrues at the latest when the plaintiff is served with process. *See Schaffhauser v. Citibank (S.D.) N.A.*, 340 Fed.Appx. 128, 130–31 (3d Cir. 2009) (per curiam); *Hua v. Mortg.*, No. 14-7821 (JBS/AMD), 2015 WL 5722610, at *3 (D.N.J. Sept. 29, 2015). Accordingly, it is apparent from the complaint that plaintiff's claims based on the initiation of foreclosure proceedings against her in 2002 and 2009 are time-barred.

It is not clear whether plaintiff has a basis for FDCPA claims that are not barred by the one-year statute of limitations and, if so, what the factual basis is for those claims and which of the defendants' conduct is at issue. Accordingly, plaintiff will be given leave to file an amended complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. She may file an amended complaint in accordance with the Court's order, which follows this memorandum.

*Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, No. CIV.A. 14-5055 SRC, 2014 WL 7051787, at *3 n.2 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–Injunction Act prohibits this Court from taking such action."); *E. Liggon–Redding v. Generations*, No. 14-3191(JBS), 2014 WL 2805097, at *2 (D.N.J. June 20, 2014) (holding that under the Anti–Injunction Act, federal courts generally "lack the authority to stay any state court proceedings, including Eviction Actions" (quotations omitted)); *Mason v. Bank of Am., N.A.*, No. CIV.A. 13-3966, 2013 WL 5574439, at *7 (E.D. Pa. Oct. 10, 2013) ("Courts within the Eastern District of Pennsylvania have declined to enjoin state court proceedings involving foreclosures and sheriff's sales pursuant to the Anti–Injunction Act."). Thus, the Anti–Injunction Act provides another reason why this Court cannot enjoin the foreclosure proceedings in state court.