SARAH M. ALBRO

*v.*

JOHN DAYTON.

The remedy given by the statute of 1870, to compel the determination of claims to real estate, can only be resorted to when the landowner, whose title or right is subject to an adverse claim, is in a position where it is beyond his power to put such claim to the test by any of the ordinary processes of the law.

On final hearing on bill and answer and proofs on the part of the complainant.

*Mr. R. F. Clarke*, of New York, for the complainant.

*Mr. Mahlon Pitney*, for the defendant.

VAN FLEET, V. C.

This suit presents but a single question, and that is, Has this court power, on the admitted facts of the case, to pronounce judgment on the rights of the parties in the subject-matter of the litigation? The bill is filed under the statute of 1870, authorizing this court in certain cases to settle and determine the title to lands. *Rev. p. 1189.* The subject of the suit is a small tract of land, containing less than half an acre, situate in the village of Baskingridge, in the county of Somerset. There is a two-story frame building on the land, divided and used as follows: The first story consists of three separate rooms, with an entrance to each from the street, and each is used as a store; the second story consists of a single room, extending over all the stores, and is used as a hall for public meetings; and there is an extension or addition in the rear of the main building which is used as a dwelling. Each party asserts a title to the whole tract, to the exclusion of the other, and on a foundation which, if true in fact and sound in law, embraces the title to the whole and not merely to a part. When this suit was commenced each party

Albro *v.* Dayton.

was in the actual and exclusive possession of a part of the land. The complainant was in the possession of two of the three store-rooms, and the defendant was in the possession of the other, also of the hall and the dwelling. That the defendant was in the exclusive possession of a part of the land in dispute when this suit was commenced, and still is, is an admitted fact.

Such being the position of the parties, in respect to the possession of the land in dispute, when this litigation was started, nothing can be more certain, as it seems to me, than that the complainant is without the least pretence of right to call upon this court, under the statute of 1870, to settle and determine the title to the land in question. The construction of that statute, so far as relates to the extent of the power which it confers on this court, is thoroughly well settled. The principle deducible from the adjudications is this, that in no case can a person claiming to be the owner of land, whose title to or right in the same is disputed, have recourse to the remedy given by this statute, if it is in his power, by resorting to any of the ordinary and usual legal remedies, to put such hostile claim to the test and have its validity determined. The remedy given by the statute can only be used when the landowner, whose title or right is subject to an adverse claim, is in a position where it is beyond his power to put such claim to the test by any of the ordinary processes of the law. "The purpose of the act," said Chief-Justice Beasley, in pronouncing the opinion of the court of errors and appeals in *Jersey City* v. *Lembeck, 4 Stew. Eq. 255, 272,* " was to relieve, not persons who had the power to test the hostile claim by a direct proceeding in the usual mode, but to aid those persons whose situation afforded them no such opportunity. The inequity that was designed to be remedied grew out of the situation of a person in the possession of land as owner, in which land another person claimed an interest which he would not enforce; and the hardship was that the person so in possession could not force his adversary, to sue, and thus put his claim to the test." The chief-justice also said, in substance, that the statute was not intended to aid those who have no need of aid, and that if a party, in the possession of land, can throw the

hostile claim into a course of law, and thus get rid of the cloud overhanging his estate, he must do it, for in such case he would have no right to the remedy given by the statute. To the same effect precisely is the judgment of the court of errors and appeals in *Sheppard* v. *Nixon, 16 Stew. Eq. 627.* That case is directly in point. It was there held, that the defendant's connection with the land in dispute, and the dominion he had exercised over it, were such that the complainant might have sued him in ejectment, and thus put to the test the adverse claim which he set up. "In such a situation of affairs," said Mr. Justice Depue, in delivering the opinion of the court, "there is no inadequacy of the legal remedy which will lay the foundation for a suit in equity to quiet the title. A suit at law will afford adequate means of putting the conflicting claims of title to the test."

And so here. On the facts admitted, it clearly appears that there is absolutely nothing which will prevent the complainant from putting the adverse title asserted by the defendant to the test by a suit in due course of law. Though the defendant is in possession of only a part of the land in dispute, yet he asserts a title to the whole and so does the complainant. The thing in dispute is the title as an entirety. In view of the grounds on which the conflicting claims are respectively based, it is plain that the party which succeeds in establishing a valid title to a part will, by the same facts, and law, show a title of equal strength to the other part. In this situation of affairs, it is manifest that the complainant may, by a suit in ejectment, put the title asserted by the defendant, as an entirety, to the test, and procure an adjudication which will settle the title to the whole tract, and not merely to that part of it which is in the possession of the defendant.

The complainant's bill must be dismissed, with costs.