ANNA R. McGRATH, respondent,

*v.*

WILLIAM F. NORCROSS, appellant.

[Argued June 25th, 1906.   Decided March 4th, 1907.]

The act of 1901 (*P. L. 1901 p. 58*) provides that whenever any lands shall not, by reason of their extent or their being wild or unimproved, be in the actual peaceable possession of the owner or person claiming to own the same, such owner or person claiming the same in fee under a recorded instrument, who shall have been assessed and paid taxes upon such land for five consecutive previous years, shall be presumed to be in peaceable possession of such land, provided no other person be in possession; and it shall be lawful for such person so presumed to be in possession to bring suit in chancery to settle the title to the land.—*Held*, that this act is constitutional.

On appeal from a decree of the court of chancery, advised by Vice-Chancellor Grey, whose opinion is reported in *70 N. J. Eq.* (*4 Robb.*) *364.*

*Mr. Thomas E. French*, for the appellant.

*Mr. Gilbert Collins*, for the respondent.

The opinion of the court was delivered by

REED, J.

The bill is filed to quiet title under the amended statute authorizing suits in equity to compel the determination of claims to real estate in certain cases and to quiet the title to same.

This act passed in 1901 (*P. L. 1901 p. 58*) is an amendment to the original act (*P. L. 1870 p. 20*). The original act provided substantially that when any person is in peaceable possession of lands in this state claiming to own the same, and his title thereto or any part thereof is denied or disputed, and no suit shall be pending to enforce the validity of any such title, claim or encumbrance, it shall be lawful for such person so in possession to bring and maintain a suit in chancery to settle the title of said lands and to clear up all doubts and disputes concerning the same.

The amended act of 1901, after re-enacting the portion of the original act before set out, proceeds:

"And whenever any lands within the state shall not, by reason of their extent, or by reason of such lands being wild or wood or waste or uninclosed or unimproved lands, be in the actual peaceable possession of the owner or person claiming to own the same, the owner or person claiming to own the same in fee under a deed or other instrument, duly recorded within this state, who shall have paid the taxes upon such lands, and to whom or to whose grantors the taxes upon such lands shall have been assessed for five consecutive years immediately prior to the commencement of suit, shall be presumed to be in peaceable possession of such lands within the meaning of this act; *provided*, no other person be in possession thereof, and it shall be lawful for such person so presumed to be in possession to bring and maintain a suit in chancery to settle the title of said lands and to clear up all doubts and disputes concerning the same; and such person so presumed to be in possession shall be entitled to all the benefits of and subject to all the provisions of this act."

The bill of the complainant sets out the jurisdictional facts required by the amended statute. An answer was interposed

denying the existence of those facts. Evidence was taken before the vice-chancellor upon the question whether the complainant was entitled to prosecute her suit. A decree was signed adjudging that the complainant was so entitled.

The vice-chancellor, in his opinion, discussed the testimony in respect to the question whether the complainant was in actual peaceable possession of the land in dispute, and if not, whether it was by reason of the extent and character of the lands; whether she claimed to own them in fee under a recorded instrument; whether she had paid taxes upon them for five consecutive years immediately prior to the commencement of the suit, and lastly, whether the defendant was in possession of the lands in question. These questions were all resolved in favor of the complainant. From the decree thereupon signed this appeal was taken.

In the briefs of the counsel the unconstitutionality of the amended act is suggested rather than argued. In the recent case of *Brady* v. *Carteret Realty Co., 70 N. J. Eq. (4 Robb.) 748,* we had occasion to consider the constitutionality of the provisions of the original act. That act, as will be observed, conferred upon the person in peaceable possession of lands and claiming to own them, the ability to institute a suit in the court of chancery against any person who claimed to own the lands, for the purpose of settling the title to the same. The validity of that act was vindicated upon the ground that it only extended the operation of a well-settled equity maxim that where there was none, or an inadequate legal remedy, equity would afford relief. The decision went upon the ground that the courts of common law had never entertained actions by a person in possession of land for the purpose of bringing the title to the land to a legal test against a person out of possession, and that the statutory proceeding was merely an extension of the doctrine of *quia timet.*

It was also held in that case that the proceeding, being an equitable remedy, the complainant was not entitled to a trial by jury in an action at law, but only to a trial by jury upon an issue framed in the court of chancery or to a jury trial in an action at law at the discretion of the chancellor.

In the above statute the right to institute an equitable suit was conferred only upon the person in peaceable possession. The amended act enlarges the class of persons who can institute such a suit. It extends the right by creating a constructive peaceable possession, so that not only those who are in possession actually, but those who are not in peaceable possession, actually may be presumptively in peaceable possession within the meaning of the act. It is not perceived, however, that this enlargement of the class of persons who may bring suit changes in any degree the complexion of the constitutional question.

Says Mr. Pomeroy (*Eq. Jur. 1396*) : "In extending equity jurisdiction to quiet titles, the states adopting such statutes may be separated into two classes: the first class requiring the plaintiff to be in possession, and the second allowing the action to be brought by a plaintiff either in or out of possession." Our original act placed this state within the first class. The amended act extends the remedy partly within the second class. The latter act does not confer upon all persons out of possession the right to employ the statutory suit, but only upon some persons; but that the class mentioned are out of possession seems manifest, notwithstanding the statutory phraseology by which the right to sue is conferred. Although the statute speaks of persons within the class as having a presumptive peaceable possession of the lands in dispute, yet it is quite clear that presumptive possession, in its quality and in its purposes, is quite distinct from possession which the law has always recognized. It is obviously entirely different from that possession which, existing in a third person by the provisions of the statute, itself defeats a suit.

Indeed, the purpose of the act was not to declare that a person within the mentioned class had any actual possession at all. Its purpose was merely to confer upon the class a right to sue similar to that already possessed by one in peaceable possession. The statute might have provided that the owner or person claiming to own lands under the prescribed conditions, might bring a suit in chancery to settle the title· to said lands and then set out the course of proceeding as in the original act or by reference thereto. Such a statute would have amounted in

substance to the legislation as it now exists. Instead of this, however, the legislature merely put, by presumption, any one of the class in the same posture as one who had the right to sue under the original act, and thus by reference conferred upon him all the rights to sue, coupled with its incidents. The reference in the statute to one in peaceable possession was to furnish a measure of the right conferred upon the new class.

But whatever may be the view taken of the legislation under review, I am unable to perceive in what way it can be said to be in conflict with the constitution. Whether the plaintiff is in possession or out of possession, the situation in respect to the question of encroachment upon the jurisdiction of the courts of law remains the same. The defect in the common law system of procedure did not consist in the position of the plaintiff—whether he was in possession or whether he was out of possession. The inadequacy of the legal remedy arose from the fact that the defendant was out of possession. The plaintiff could bring no action of ejectment against anyone claiming an interest in the land unless that claimant was in possession. Nor is the ability of the legislature to thus extend the jurisdiction of the court of chancery affected by the fact that the field covered by the common law action of ejectment was enlarged by the Ejectment act of 1855. Under the fourth section of that statute an action at law would now lie against Norcross at the suit of Mrs. McGrath. The constitutional objection to the present legislation, however, is confined to the proposition that the amended act to quiet title infringes upon the exclusive jurisdiction of the courts of common law as such jurisdiction existed in 1844 at the date of the adoption of our present constitution. At that date the courts of common law would not entertain such an action, and therefore the present statute strips them of no prerogative which they then possessed.

The situation seems to be precisely similar to that which engaged the attention of the court in *Brady* v. *Carteret Realty Co., supra,* so far as respects the adequacy of any legal remedy at common law, and the validity of the statute. The amended act is held therefore not to infringe the provisions of the constitution.

The questions of fact passed upon by the learned vice-chancellor were considered by him with characteristic carefulness, and the conclusions stated by him respecting their significance and force are approved.

The decree below should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—15.

*For reversal*—None.