NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1330-12T2

WILLIAM SUSER,

       Plaintiff-Appellant,

    v.

WACHOVIA MORTGAGE, FSB f/k/a
WORLD SAVINGS BANK, FSB, and
DEUTSCHE BANK NATIONAL TRUST
COMPANY, f/k/a WASHINGTON
MUTUAL BANK, FA,

       Defendants-Respondents,

    and

PORT IMPERIAL CONDOMINIUM
ASSOCIATION and UNITED STATES
DEPARTMENT OF THE TREASURY —
INTERNAL REVENUE SERVICE, and/or
his, her, their or its successor
in right, title and interest,

       Defendants.

---

> **APPROVED FOR PUBLICATION**
>
> **November 4, 2013**
>
> **APPELLATE DIVISION**

---

Submitted October 8, 2013 — Decided November 4, 2013

Before Judges Fisher, Espinosa and O'Connor.

On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. C-25-12.

Zwerling & Deshpande, LLC, attorneys for appellant (Shay S. Deshpande and David J. Zwerling, on the brief).

Reed Smith, LLP, attorneys for respondent Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB (Henry F. Reichner, of counsel; Kevin L. Jayne, on the brief).

Bertone Piccini, LLP, attorneys for respondent Deutsche Bank National Trust Company, f/k/a Washington Mutual Bank, FA (Grace C. Bertone and Cristina Z. Sinclair, of counsel; Ms. Sinclair, on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

In this appeal, we consider whether the trial judge correctly granted summary judgment in this convoluted quiet-title action, which sought, in part, to remove a mortgage because of alleged inadequacies in its assignment.

Many of the relevant facts are undisputed. Plaintiff William Suser obtained and recorded, on July 29, 2006, a mortgage on a West New York condominium unit securing his $150,000 loan to the prior owner. Plaintiff later sued for and obtained a foreclosure judgment and, after making a successful $100 bid, obtained a sheriff's deed which acknowledged title was subject to prior encumbrances. Plaintiff then commenced this action seeking to quiet title through the removal of the two prior mortgages on the property, one of which was recorded by World Savings Bank, FSB (the World Savings mortgage), on September 23, 2004, to secure a $200,000 loan to the original owner, and the other recorded by Washington Mutual Bank, FA (the

WaMu mortgage), on October 8, 2004, to secure a $999,999 loan to the original owner. Defendant Wachovia Mortgage FSB, doing business as Wells Fargo Bank, N.A. (Wells Fargo), appeared with regard to the World Savings mortgage, and defendant Deutsche Bank National Trust Company, as Trustee WAMU 2005-AR2 (Deutsche) appeared to defend the WaMu mortgage.

In his quiet-title complaint, plaintiff claimed the World Savings and WaMu mortgages "should not be recognized in equity because they have been satisfied, settled, obtained by mistake and/or [sic] improperly encumber the subject premises without legal right or standing to enforce same." Despite this allegation's broad tone, the main thrust of plaintiff's arguments in the trial court related to defendants' standing to seek foreclosure of the mortgages and not the validity of the mortgages.

After a discovery dispute between plaintiff and Deutsche resulted in a protective order favorable to the latter, both defendants moved for summary judgment, and plaintiff cross-moved for summary judgment. The trial judge granted defendants' motions and denied plaintiff's, and plaintiff now appeals, arguing with respect to Deutsche that he was erroneously denied discovery into the circumstances surrounding the assignment of the WaMu mortgage and that both defendants should have been

"estopped and barred from maintaining their liens on the subject property under doctrines of laches and waiver."[1]  We separately consider plaintiff's arguments as to each defendant.

I

Plaintiff's arguments regarding defendants' standing to seek foreclosure — based on concerns of "robo-signing" in any relevant assignments of a nature that led to the Supreme Court's emergent amendments in December 2010 to Rule 4:64 — have no bearing on Wells Fargo.  The record does not suggest that Wells Fargo's authority to seek foreclosure of the World Savings mortgage was based on an assignment.  Instead, Wells Fargo asserted, without substantial contradiction, that the original mortgage holder — World Savings Bank, FSA — changed its name to Wachovia Mortgage, FSB, effective December 31, 2007, and that Wachovia was acquired by and merged into Wells Fargo effective November 1, 2009.  It would appear that Wells Fargo's right to enforce the mortgage arises by operation of its ownership of the asset through mergers or acquisitions, not assignment.  Accordingly, plaintiff's assertions regarding standing have no

---

[1] Both Wells Fargo and Deutsche argue that plaintiff never presented his laches and waiver arguments in the trial court and that, as a consequence, they should not be considered now.  The record on appeal, however, is not sufficiently clear for us to agree with that contention, so we have considered the merits of plaintiff's equitable arguments.

bearing on Wells Fargo; in addition, the discovery issue raised by plaintiff relates only to Deutsche.

As to Wells Fargo, plaintiff only argues that the World Savings mortgage should not further burden his title because, in plaintiff's view, Wells Fargo's failure to enforce its interest equitably bars any future attempt to enforce it. In this regard, plaintiff alludes to the fact that in July 2008 Wells Fargo commenced a foreclosure action which was dismissed without prejudice a few months later when the prior owner cured the default. With that factual event as background, plaintiff argues Wells Fargo has had "three previous bites at the apple," referring to the undisputed facts that Wells Fargo did not intervene in plaintiff's foreclosure action, did not bid at the sheriff's sale, and did not commence its own foreclosure action after the prior owner again defaulted. Absent evidence that plaintiff obtained ownership of the property in the good faith belief title was free and clear of the World Savings mortgage, Wells Fargo was under no obligation to commence its own foreclosure action, join in another's, or bid at a sheriff's sale to protect its interest.

In support of his theory, plaintiff cites only <u>Last v. Audubon Park Assocs.</u>, 227 <u>N.J. Super.</u> 602 (App. Div. 1988). The application of the doctrine of laches in <u>Last</u>, however, was

necessary in light of the new owner's good faith belief that senior mortgage rights had been cut off by a tax sale together with the owner's investment of millions of dollars in a housing project on the land that the mortgagee "silently observed . . . from the sidelines" over a period of years. Id. at 608. Those compelling circumstances materially distinguish Last from the case at hand. And plaintiff has failed to demonstrate any other compelling circumstances that warrant the extraordinary relief of extinguishing a valid mortgage of which he was aware when he took title.

We find insufficient merit in any of plaintiff's other arguments — to the extent they are intended as an attack on the summary judgment entered in favor of Wells Fargo — to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).


II

Plaintiff's argument regarding the propriety of summary judgment in favor of Deutsche is somewhat different. To be sure, Deutsche's position is similar to Wells Fargo insofar as it was stipulated between plaintiff and Deutsche that plaintiff made his loan to the original owner with knowledge of: the existence of the WaMu mortgage; that the WaMu mortgage was senior to plaintiff's; and that the interest conveyed by the sheriff to plaintiff remained encumbered by all "[p]rior

mortgage[s] or liens." Plaintiff claimed, however, that Deutsche lacks standing to seek foreclosure based upon some irregularity in the assignment to Deutsche — a fact which plaintiff claims warrants removing that encumbrance from his title to the property.

In examining the summary judgment entered in favor of Deutsche, we must assume the truth of plaintiff's assertion that the assignment of the mortgage to Deutsche was defective or otherwise precludes Deutsche from foreclosing on the mortgage pursuant to the procedures contained in Rule 4:64. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The fact that the trial judge barred discovery into the assignment amplifies the importance of our assumption of the truth of plaintiff's allegations. See Velantzas v. Colgate Palmolive Co., 109 N.J. 189, 193 (1988) (recognizing "it is especially inappropriate to grant summary judgment when discovery is incomplete"). Because the suit was dismissed before the facts were fully developed, we are required to review summary judgment "from the standpoint of whether there is any basis upon which plaintiff should be entitled to proceed further." Bilotti v. Accurate Forming Corp., 39 N.J. 184, 193 (1963).

Notwithstanding the caution militated by the incomplete record, the existing evidence permitted an inference of

insufficiencies in the assignment of the WaMu mortgage. The record reveals that Deutsche commenced a foreclosure action against the prior owner in July 2009, alleging its right to foreclose the WaMu mortgage based on the following:

> [The WaMu mortgage] was assigned by an assignment dated 06/03/2009 from JPMORGAN CHASE BANK, NATIONAL ASSOCIATION to DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE WAMU 2005-AR2, plaintiff herein, which is unrecorded at this time.
>
> The real party in interest in the proceeding is JPMorgan Chase Bank, National Association, as purchaser of the loan and other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, FA (the "Savings Bank") from the Federal Deposit Insurance Corporation, acting as receiver for the Savings Bank and pursuant to its authority under the Federal Deposit Insurance Act[,] 12 U.S.C. § 1821(d), as further evidenced by Affidavit of the Federal Deposit Insurance Corporation dated October 2, 2008, recorded in the office of the Director of Records and Licensing, King County, State of Washington on October 3, 2008.

The absence of a recorded assignment and these other confusing and otherwise unexplained allegations, which alone cast a shadow over Deutsche's claim of standing to foreclose the WaMu mortgage, were not tested or adjudicated in this earlier suit. Instead, Deutsche dismissed the action without prejudice in September 2010 and, apparently, has made no attempt to enforce its interest since.

Until discovery casts greater illumination on the subject, we must conclude there is a legitimate dispute as to whether Deutsche obtained an effective assignment of the WaMu mortgage. And, in viewing the facts and inferences in the light most favorable to plaintiff, Brill, supra, 142 N.J. at 540, we proceed in determining the maintainability of this quiet-title action on the assumption that the assignment did not validly transfer the mortgage to Deutsche. That does not, however, end the matter. If the assignment was invalid or otherwise defective, it does not automatically follow that the WaMu mortgage must be extinguished. A finding of a defect in the assignment would simply mean that the right to foreclose would reside with the assignor or some other entity.

On the other hand, that the relief to which plaintiff may be entitled is so limited does not mean plaintiff is barred from pursuing this quiet-title action. N.J.S.A. 2A:62-1 permits a person "in the peaceable possession of lands" to bring an action to "clear up all doubts and disputes" concerning some other person's claim to "a lien or encumbrance thereon." Here, there is no legitimate dispute that the WaMu mortgage was valid when executed, has not been satisfied, and was recorded prior to plaintiff's mortgage. But there is a dispute about whether

Deutsche is the proper holder of the WaMu mortgage and that question may be adjudicated in a quiet-title action.

One of the purposes of <u>N.J.S.A.</u> 2A:62-1 is to permit a landowner to sue for clarification of the validity or reach of his title in circumstances that otherwise preclude a forum for the resolution of such a dispute. <u>Albro v. Dayton</u>, 50 <u>N.J. Eq.</u> 574, 575 (Ch. 1892). Stated another way, a plaintiff in a quiet-title action must show not only that there is no other forum for an adjudication of the dispute but also that there is no other adequate remedy at law.[2] Here, plaintiff has not claimed the WaMu mortgage is invalid or unenforceable,[3] only that Deutsche has no standing to enforce or foreclose the WaMu mortgage. Although an adjudication of that question may not

_____

[2]For example, if plaintiff challenged the legitimacy of the WaMu mortgage, he could sue to quiet title without being required to wait until the mortgage holder sued him. Additionally, if a plaintiff's interest in property could be adequately vindicated through an ejectment action, the court need not invoke its equitable jurisdiction to quiet title. The quiet-title action, which, even though codified by statute retains its equitable underpinnings, see <u>Holland v. Challen</u>, 110 <u>U.S.</u> 15, 24-25, 3 <u>S. Ct.</u> 495, 500-01, 28 <u>L. Ed.</u> 52, 56 (1884); <u>Estate of Smith v. Cohen</u>, 123 <u>N.J. Eq.</u> 419, 425 (E. & A. 1938); <u>Brady v. Carteret Realty Co.</u>, 70 <u>N.J. Eq.</u> 748, 754 (E. & A. 1906), is generally appropriate only in the absence of an adequate remedy at law, <u>McGrath v. Norcross</u>, 71 <u>N.J. Eq.</u> 763, 765 (E. & A. 1907).

[3]As mentioned — and rejected — earlier, plaintiff has argued that neither Wells Fargo nor Deutsche may seek foreclosure based on the doctrines of laches, estoppel and waiver. Plaintiff has not otherwise argued that the World Finance or WaMu mortgages are unenforceable or do not have priority over his interest.

lead to the relief plaintiff most fervently desires — extinguishment of the mortgage — he is certainly entitled to a ruling as to whether Deutsche, and not some other entity, possesses the right to foreclose by way of a quiet-title action.

As the record demonstrates, that Deutsche believes it possesses and may some day assert such a right is not illusory. Deutsche has already sued on the mortgage; that Deutsche may in the near or distant future hale plaintiff into court seeking foreclosure of the WaMu mortgage is not inconceivable. That cloud sufficiently enshrouds plaintiff's title as to permit invocation of the rights provided by N.J.S.A. 2A:62-1.[4] Plaintiff is entitled to an adjudication of Deutsche's right to pursue such an action even though the outcome of that dispute might only be that some other entity is found to be the proper mortgage holder.

Because the trial judge mistakenly precluded discovery into the circumstances surrounding Deutsche's assignment and Deutsche's entitlement to sue on the mortgage, we find it

---

[4]To be clear, although what constitutes a cloud on title has always been broadly interpreted, see 65 Am. Jur. 2d, Quieting Title § 13 (2011), we do not suggest every perceived or imagined cloud on title is entitled to adjudication. Courts need not entertain doubts about title that are trifling or suggest only immaterial damage. See Paternoster v. Shuster, 296 N.J. Super. 544, 559 (App. Div. 1997). Each case must be assessed in view of its particular facts and the magnitude of the threat to the plaintiff's title and use of the property.

necessary to: vacate the order denying plaintiff's motion for summary judgment against Deutsche; vacate the order granting Deutsche's motion for summary judgment; reverse the protective order; and remand for discovery and other proceedings in conformity with this opinion.[5]

Affirmed in part; vacated in part; reversed in part; and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5]We do not suggest that summary judgment may not be appropriate once discovery is complete.