**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2294-15T1

WELLS FARGO BANK, N.A.,

    Plaintiff-Respondent,

v.

JEFFREY M. BISCHOFF and
CINDY PERLUMUTTER a/k/a CINDY
BISCHOFF, wife of JEFFREY
M. BISCHOFF; and MR. PERLUMUTTER,
husband of CINDY PERLUMUTTER,

    Defendants-Appellants.

_____

        Submitted August 22, 2017 — Decided  August 30, 2017

        Before Judges Manahan and Gilson.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Bergen County, Docket No.
        F-018494-14.

        Jeffrey M. Bischoff, appellant pro se.

        Reed Smith, LLP, attorneys for respondent
        (Henry F. Reichner, of counsel and on the
        brief).

PER CURIAM

In this mortgage foreclosure action, defendant Jeffrey M. Bischoff appeals from a September 22, 2015 order denying his motion to dismiss the complaint and an October 28, 2015 final judgment of foreclosure. We affirm.

In 2001, Bischoff and his wife, Cindy Perlumutter, borrowed $300,000 from Wells Fargo Bank West, N.A. (Wells Fargo West).[1] In connection with that loan, Bischoff and Perlumutter (collectively defendants) signed a promissory note and gave a mortgage on a home they owned in Bergenfield, New Jersey. In 2003, Wells Fargo West was consolidated into, and became part of, Wells Fargo Bank, N.A. (Wells Fargo). Thus, Wells Fargo became the holder of defendants' note and mortgage.

In January 2012, defendants failed to pay the monthly installment payment due on the loan and, thereafter, defendants have been in default on the loan. Wells Fargo sent defendants a notice of its intent to foreclose in September 2013, but defendants failed to cure the default or respond to the notice. Thus, on May 8, 2014, Wells Fargo filed a complaint in foreclosure against defendants.

Defendants were served with the foreclosure complaint on March 12, 2015, but they failed to respond. Accordingly, a default

---

[1] Cindy Perlumutter also uses the name Cindy Bischoff.

was entered on May 18, 2015. Wells Fargo then sent defendants a notice of entry of default and a notice in accordance with Section 6 of the New Jersey Fair Foreclosure Act (Act), N.J.S.A. 2A:50-53 to -68. Defendants did not respond to those notices.

In July 2015, Wells Fargo filed, and sent to defendants, a certification of diligent inquiry and accuracy of foreclosure documents and factual assertions in compliance with Rule 4:64-2(d) and Rule 1:4-8(a). Thereafter, Wells Fargo moved for entry of a judgment. The following month, Bischoff filed opposition to the motion for entry of a judgment and cross-moved to "dismiss" Wells Fargo's complaint.[2]

The Chancery Division denied Bischoff's motion in an order entered on September 22, 2015. In an accompanying written statement of reasons, the Chancery court explained that it was treating Bischoff's motion as a motion to vacate a default, which it denied because Bischoff failed to show good cause to vacate the default.

---

[2] Bischoff filed his motion on August 25, 2015, but Wells Fargo did not file its motion for entry of judgment until September 9, 2015. This discrepancy in timing apparently resulted from the fact that Wells Fargo gave notice of its intent to move for entry of judgment before it actually filed the motion with the court.

Thereafter, on October 28, 2015, a final judgment of foreclosure was entered. Bischoff now appeals from the denial of his motion and the entry of the final judgment.

On appeal, Bischoff, who is self-represented, makes a number of arguments. Although he phrases his arguments in different ways, Bischoff is really making one contention: He claims that Wells Fargo did not have standing to sue because it did not own the note or possess the mortgage when it filed the foreclosure complaint. Having reviewed the record, we find no merit in this argument and we thus affirm.

To bring an action in foreclosure, a plaintiff must possess either the note or an assignment of the mortgage. Deutsche Bank Trust Co. Am. v. Angeles, 428 N.J. Super. 315, 319-20 (App. Div. 2012). Here, Wells Fargo filed papers establishing that defendants executed a promissory note and mortgage in favor of Wells Fargo West. In 2003, Wells Fargo West was consolidated into, and became part of, Wells Fargo. Consequently, Wells Fargo stands in the shoes of Wells Fargo West with regard to both the note and the mortgage and has the right to enforce the mortgage. See Suser v. Wachovia Mortg., FSB, 433 N.J. Super. 317, 321 (App. Div. 2013) (explaining that the right to enforce a mortgage can arise from the ownership of assets acquired through merger and acquisition). Accordingly, Bischoff's standing argument lacks merit.

Bischoff makes reference to a number of other arguments, including contentions concerning unjust results under the Act, what federal courts have done in foreclosure actions, and various court rules. None of those arguments is supported by recognized legal authority as applied to the facts in this case. Moreover, none of those arguments has sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION