NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3823-15T1

WELLS FARGO BANK, N.A.,

 Plaintiff-Respondent,

v.

GLENN R. WORRELL,

 Defendant-Appellant.
_______________________________

 Submitted September 25, 2017 - Decided October 11, 2017

 Before Judges Accurso and Vernoia.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Monmouth County, Docket
 No. F-056594-09.

 Joseph C. Lane, attorney for appellant.

 Reed Smith LLP, attorneys for respondent
 (Henry F. Reichner, of counsel and on the
 brief).

PER CURIAM

 Defendant Glenn R. Worrell appeals from the entry of a

final judgment of foreclosure, contending plaintiff Wells Fargo

Bank, N.A., failed to prove it owned the note secured by the

mortgage. Specifically, defendant claims Wells Fargo did not
"prove its allegation of mortgage assignment by competent

evidence." Because the bank's proof of ownership did not rest

on assignment, but on merger, and defendant does not dispute the

note and mortgage he signed in 2007 has been in default since

2008, we affirm.

 Defendant does not dispute that he borrowed $750,000 from

World Savings Bank, FSB in July 2007, executing a thirty-year

note and a non-purchase money mortgage on his home. He admits

the loan went into default in September 2008. He also does not

dispute that World Savings merged into Wachovia Mortgage, FSB,

which subsequently converted to a national bank and merged into

Wells Fargo in a series of transactions approved by the

Comptroller of the Currency.

 Wachovia filed the complaint in this case in 2009, which

defendant admits he failed to answer. While its motion for

final judgment was pending in the foreclosure unit, however, the

Supreme Court issued its moratorium on foreclosure filings and

amended the Rules governing foreclosures. The bank stopped

prosecuting foreclosures until it could come into compliance

with the new procedures, and this case was dismissed without

prejudice in September 2013 for failure to prosecute.

 The bank subsequently moved to reinstate the action and

amend the complaint to reflect its new name. Defendant opposed

 2 A-3823-15T1
the motion, arguing the bank should have to file a new

complaint, or, in the alternative, that he should be permitted

to demonstrate he could qualify for a mortgage modification in

mediation. The court granted the bank's motion to reinstate and

substitute Wells Fargo for Wachovia as plaintiff in September

2014. It denied defendant's motion to vacate the default but

granted his request to enter the mediation program.

 Defendant did not pursue mediation, and the bank moved for

final judgment in June 2015. Defendant opposed, arguing he

should be permitted to file an answer and obtain discovery

regarding the bank's standing. The court denied the motion

finding defendant had never put forth a meritorious defense and

offered no specific objection to the bank's proof of amount due.

Final judgment of foreclosure was entered on November 9, 2015.

 Defendant appeals, arguing that "Wells Fargo's own proofs

establish" it "is not the holder of the note" as its "claim of

assignment was unsupported by competent evidence." The bank,

however, never claimed it was assigned the note. It bases its

claim to the note on the series of transactions through which it

acquired World Savings, none of which defendant disputed. As we

explained in Suser v. Wachovia Mortg., FSB, 433 N.J. Super. 317,

321 (App. Div. 2013), another matter in which Wells Fargo

asserted its ownership of a mortgage originated by World

 3 A-3823-15T1
Savings, "Wells Fargo's right to enforce the mortgage arises by

operation of its ownership of the asset through mergers or

acquisitions, not assignment."

 Affirmed.

 4 A-3823-15T1