**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0280-17T1

NATIONSTAR MORTGAGE,
LLC, f/k/a CENTEX HOME
EQUITY COMPANY, LLC,

      Plaintiff-Respondent,

v.

LYDIA JENKINS,

      Defendant-Appellant,

and

WILLIAM JENKINS, SLOMINS
INC., UNITED STATES OF
AMERICA and HOUSEHOLD
FINANCE,

      Defendants.

_____

Submitted November 1, 2018 – Decided January 9, 2019

Before Judges O'Connor and Whipple.

On appeal from Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-031949-08.

Lydia Jenkins, appellant pro se.

Sandelands Eyet, LLP, attorneys for respondent (Robert J. Banas, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Lydia Jenkins appeals from the August 4, 2017 order entered by the General Equity court, which denied her motion to vacate the final judgment in foreclosure. After reviewing the record and applicable legal principles, we affirm.

In 2006, defendants Lydia Jenkins and William Jenkins[1] obtained a mortgage loan in the principal amount of $576,000 from Centex Home Equity Company, LLC (Centex). Defendants gave a note to Centex and, to secure its payment, executed a mortgage on their residence in Centex's favor.

In May 2008, the loan went into default when defendants failed to make a payment on it. By then, plaintiff Nationstar Mortgage, LLC had acquired Centex and had become the holder and owner of defendants' note and mortgage. Defendants have not made a mortgage payment since the loan went into default in May 2008. In August 2008, plaintiff filed a complaint in

_____

[1] The term "defendants" in this opinion shall refer solely to Lydia Jenkins and William Jenkins. The term "defendant" shall refer to Lydia Jenkins only, unless otherwise noted.

2

foreclosure against defendants, who filed an answer. In July 2009, the court granted plaintiff summary judgment and struck defendants' answer.

In May 2010, plaintiff filed an amended complaint to join a new defendant that had an interest in the mortgaged premises. The Jenkins failed to file an answer to the amended complaint and default was entered against them in 2011. In October 2011, defendants filed a notice of bankruptcy and the foreclosure action was stayed. In December 2013, the amended complaint was dismissed for lack of prosecution, but was reinstated in November 2014.

In May 2016, plaintiff filed a motion for the entry of final judgment, which was unopposed. On June 29, 2016, a final judgment was entered in favor of plaintiff foreclosing the mortgage. On July 10, 2017, which was the day before a scheduled sheriff's sale, defendant filed a motion to vacate the final judgment and dismiss the amended complaint. The following day, defendant filed a motion to stay the sale; that motion was denied. The sheriff's sale went forward and plaintiff purchased the mortgaged premises.

On August 4, 2017, defendant's motion to vacate the final judgment and to dismiss the amended complaint was denied. The court found the motion time-barred pursuant to Rule 4:50-2 and, in addition, that defendant had failed to assert a meritorious defense to the amended complaint. The trial court did

3

not address whether defendant had demonstrated that her failure to file an answer to the second amended complaint constituted excusable neglect.

On appeal, defendant contends the trial court erred because it failed to vacate the final judgment pursuant to Rules 4:50-1(f) and 4:50-3. Reduced to its essence, defendant maintains the final judgment should be set aside because, according to her, Centex never assigned the mortgage to plaintiff and, thus, plaintiff did not have standing to pursue its second amended complaint against her.

It is well-settled that, to vacate a default judgment, the moving party must show both excusable neglect and a meritorious defense. Marder v. Realty Constr. Co., 84 N.J. Super. 313, 318 (App. Div. 1964). Here, even if defendant had demonstrated excusable neglect, she did not assert a meritorious defense. The justification for showing a meritorious defense is that there is no point in setting aside a default judgment if the ultimate result will inevitably be the same. See Schulwitz v. Shuster, 27 N.J. Super. 554, 561 (App. Div. 1953).

Here, plaintiff's right to enforce the mortgage arises by operation of its ownership of the asset in question through the acquisition of Centex's assets - not from an assignment. See Suser v. Wachovia Mortg., FSB, 433 N.J. Super. 317, 321 (App. Div. 2013). Thus, defendant's claim plaintiff did not have

4

standing to pursue its second amended complaint against her on the ground Centex did not assign the mortgage to plaintiff is entirely without merit.

We considered defendant's contention the judgment must be vacated pursuant to <u>Rules</u> 4:50-1(f) and 4:50-3. We determined these arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5