**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1185
_____

GORDON A. WASHINGTON, Appellant

v.

SPECIALIZED LOAN SERVICING LLC; THE BANK OF NEW YORK MELLON, As
Trustee for the certificate holders of the CWABS, Inc., Asset-Backed Certificates, Series
2007-5; CWABS Asset-Backed Certificates Trust, Series 2007-5 or any of its/their
successors in right, title and interest; CWABS INC, Any of its/their successors in right,
title and interest

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-17-cv-00602)
District Judge:  Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 2, 2019

Before:  CHAGARES, BIBAS and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 2, 2019)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Gordon Washington appeals the District Court's order dismissing his complaint. For the reasons detailed below, we will affirm the District Court's judgment.

In February 2007, Washington obtained a mortgage loan from America's Wholesale Lender (AWL) in the amount of $520,000 to purchase a home in New Jersey. In April 2007, a plumbing issue rendered certain parts of the home uninhabitable. As a result, Washington was unable to earn the rental income that he had expected, and he defaulted on the loan. At about this time, AWL assigned the loan to BNY Mellon as trustee for CWABS Asset-Backed Certificates Trust 2007-5. BNY Mellon filed a foreclosure action against Washington, which was dismissed in July 2013 for failure to prosecute.

In 2017, Washington filed a complaint against BNY Mellon and Specialized Loan Servicing, LLC, which services the loan. Washington alleged that AWL is a fictitious entity that was not entitled to execute or assign the mortgage loan and that there were

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

numerous defects or improprieties in the assignment process, including a failure to record the assignment, robo-signing, and the use of altered documents. He raised two fraud claims and one claim to quiet title, all under New Jersey law. The defendants filed a motion to dismiss, which the District Court granted. The Court concluded that Washington lacked standing to challenge the assignment and that he had otherwise failed to state a claim. The Court dismissed the complaint without prejudice. Washington filed a motion to amend his complaint. The District Court denied the motion without prejudice, concluding that the proposed amended complaint did not address the deficiencies in the initial complaint but providing Washington with further time to file another amended complaint. Washington then opted to stand on his complaint as drafted and filed a notice of appeal.

The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. See generally Jung v. K. & D. Mining Co., 356 U.S. 335, 337–38 (1958). We exercise plenary review over the District Court's dismissal order. See Free Speech Coal., Inc. v. Att'y Gen., 677 F.3d 519, 529–30 (3d Cir. 2012); see also Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 266 (3d Cir. 2014) (same standard of review for appeal of ruling on standing). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The defendants argue that we should affirm because Washington has presented no comprehensible issues for review. We decline to affirm on this basis because we conclude that Washington has adequately raised a challenge to the District Court's rejection of his quiet-title claim. However, Washington has failed to challenge the District Court's dismissal of his fraud claims, and we therefore will not consider those claims. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court." (quotation marks, alteration omitted); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

We agree with the District Court that Washington lacks standing to challenge the assignment of the mortgage. Article III of the Constitution limits federal judicial power to the adjudication of cases or controversies. U.S. Const. art. III, § 2. "That case-or-controversy requirement is satisfied only where a plaintiff has standing." Sprint Commc'ns Co. v. APCC Servs., 554 U.S. 269, 273 (2008). To establish Article III standing, a plaintiff must show, among other things, that he "has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180 (2000).

4

As noted, Washington argues at some length that the assignment from AWL to BNY Mellon was procedurally improper. However, Washington acknowledges that he took out a loan that he has not repaid, and he does not allege that he has paid more than required or that he has been subject to requests for payment from different entities. Thus, we agree with the District Court that Washington has failed to allege that the assignment caused him a sufficient injury to establish standing. See Rajamin v. Deutsche Bank Nat'l Tr. Co., 757 F.3d 79, 86 (2d Cir. 2014) (so holding in similar situation); Reinagel v. Deutsche Bank Nat'l Tr. Co., 735 F.3d 220, 228 (5th Cir. 2013); cf. Bank of N.Y. v. Raftogianis, 13 A.3d 435, 451 (N.J. Super. Ct. Ch. Div. 2010) ("[L]itigants generally have no standing to assert the rights of third parties.").[1]

Washington also argues that his obligations under the loan should be set aside because "AWL is a fake, fictitious company." Br. at 29. Washington's mortgage identifies the lender as "America's Wholesale Lender," and provides that the mortgage should be returned to "Countrywide Home Loans, Inc." See ECF No. 26-6 at 2; see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (explaining that "a document integral to or explicitly relied upon in the complaint may be considered

---

[1] Washington argues that this conclusion is contrary to the New Jersey Appellate Division's decision in Suser v. Wachovia Mortgage, FSB, 78 A.3d 1014 (N.J. Super. Ct. App. Div. 2013). However, standing is an issue of federal law. See Wheeler v. Travelers Ins. Co., 22 F.3d 534, 537 (3d Cir. 1994). Moreover, even in Suser, the Court recognized that "Courts need not entertain doubts about title that are trifling or suggest only immaterial damage," 78 A.3d at 1019 n.4, which aptly characterizes this case.

without converting the motion to dismiss into one for summary judgment") (alteration, emphasis, and quotation marks omitted).  Countrywide's 1998 Form 10-K filing with the Securities and Exchange Commission reports that it operated its wholesale division under the business name of America's Wholesale Lender.  See Countrywide Credit Industries Inc., Form 10-K, Ex. 21 (May 29, 1998), https://bit.ly/2IgbADk; FTC v. Shire ViroPharma, Inc., 917 F.3d 147, 151 n.5 (3d Cir. 2019) (taking judicial notice of fact from SEC filing).

At the motion-to-dismiss stage of the case, we will accept as true Robinson's assertion that Countrywide improperly failed to register AWL as a trade name in New Jersey.  However, as noted above, Robinson does not dispute that he received the $520,000 loan from AWL.  He has cited no authority that suggests that, because Countrywide (allegedly) failed to register AWL, he is entitled to keep the benefits of the loan but avoid its obligations.  Every other decision that we have found has rejected this argument concerning AWL, see, e.g., Dang v. Bank of N.Y. Mellon as Tr. for Certificateholders of the CWABS, Inc., No. A152197, 2019 WL 968280, at *4–*5 (Cal. Ct. App. Feb. 28, 2019) (non-precedential) (collecting cases), and the argument is contrary to New Jersey law, see N.J. Stat. Ann. § 14A:2-2.1(c)(6) ("The failure of a corporation to file a certificate of registration or renewal of alternate name shall not impair the validity of any contract or act of such corporation[.]").  We therefore conclude that the District Court did not err in dismissing this claim.

6

Accordingly, we will affirm the District Court's judgment.[2]



[2] Washington's motion to file an amended brief and appendix is granted and we have considered the amended filings.