**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4954-17T2

WELLS FARGO BANK, NA,

     Plaintiff-Respondent,

v.

ANDREA Z. GUNTER-KING
and JOHNNIE KING,

     Defendants-Appellants.

_____

Submitted January 21, 2020 – Decided March 3, 2020

Before Judges Messano and Ostrer.

On appeal from the Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. F-016723-15.

Joshua Louis Thomas (Joshua L. Thomas & Associates), attorney for appellants.

Reed Smith, LLP, attorneys for respondent (Henry F. Reichner, of counsel; Ethan R. Buttner, on the brief).

PER CURIAM

In 2008, defendant Andrea Z. Gunter-King executed a mortgage and mortgage note in the amount of $408,000 in favor of Wachovia Bank, FSB, predecessor of plaintiff Wells Fargo Bank, NA.  See Suser v. Wachovia Mortg., FSB, 433 N.J. Super. 317, 321 (App. Div. 2013) ("Wachovia was acquired by and merged into Wells Fargo effective November 1, 2009.").  The loan went into default in July 2012, and plaintiff filed a complaint in foreclosure against defendant and her husband, defendant Johnnie King.

Gunter-King filed a pro se answer, but, because default was entered against King, defense counsel's efforts to file an amended contesting answer on behalf of both defendants failed.  The amended answer, drafted by Keveney Legal Group, LLC, (KLG), over the signature of appellants' current counsel who was then a member of that firm, was accepted for filing only as to Gunter-King. Among other things, the amended answer challenged plaintiff's standing to file the foreclosure complaint.

While King's motion to vacate default was pending, plaintiff moved for summary judgment.  On February 4, 2016, while represented by KLG, defendants entered into a consent order whereby: 1) Gunter-King's answer was deemed non-contesting; 2) defendants withdrew their motion to vacate and plaintiff withdrew its motion for summary judgment; 3) the matter was referred

to the Office of Foreclosure for further proceedings and entry of final judgment as an uncontested matter; 4) plaintiff agreed not to apply to the court for final judgment before June 1, 2016; and 5) plaintiff waived any deficiency amount.

Plaintiff applied for final judgment, defendants filed no objections and the Office of Foreclosure entered final judgment on July 19, 2016. In February 2017, defendants attempted to file a self-titled "Motion for Injunctive Relief for False Claim/Nunc Pro Tunc." Being unable to identify the exact nature of the document, the clerk rejected it and advised defendants to file a conforming motion, providing them with instructions. A sheriff's sale was scheduled for March 2, 2017, and defendants' emergent motion to stay the sale was denied, as was their motion for reconsideration.

Defendants filed multiple bankruptcy petitions, which resulted in stays of the sale, until January 2018. Then, represented by current counsel, defendants filed motions to vacate final judgment and stay the sheriff's sale. The motion to stay was denied, but Gunter-King again filed for bankruptcy protection, which again stayed the sale. Although intervening circumstances are not clear from the appellate record, the sheriff's sale was again scheduled for April 12, 2018. Defendants' emergent motion to stay the sale was denied.

Defendants' certification in support of the motion to vacate final judgment was premised upon "lack of jurisdiction, lack of standing, and fraud upon the court." Citing "recently discovered" deficiencies contained in documents submitted in support of plaintiff's motion for summary judgment, as well as litigation in the federal courts resulting in injunctive relief against plaintiff and other lenders, defendants claimed that plaintiff "fraud[ulently]" induced them to enter into the "predatory" loan and consent order.

On June 8, 2018, Judge Kathi F. Fiamingo heard oral argument on defendants' motion to vacate final judgment. The notice of motion is not part of the appellate record, and it is unclear exactly which subsections of Rule 4:50-1 defendants asserted provided relief. During argument, counsel claimed defendants were entitled to relief under Rule 4:50-1(a) ("mistake, inadvertence, surprise, or excusable neglect") and (f) ("any other reason justifying relief"). He argued that KLG, defendants' former counsel and his former firm, did not adequately advise defendants before they entered into the consent order, and that "[he] did not personally review" defendants' contesting answer "although it was submitted under [his] name." Recognizing the one-year time limit for seeking relief from judgment under subsection (a), see Rule 4:50-2, counsel argued that defendants' pro se motion seeking relief was filed within one year of the July

2016 final judgment, but was "never heard . . . because of the bankruptcies[.]" Counsel also said that "if this [motion was filed] within the year, I would be arguing very strongly under (a)." Counsel did not argue that relief was warranted under subsection (d) ("the judgment . . . is void"), although that contention apparently was raised in the papers.

Judge Fiamingo denied defendants' motion. In a comprehensive written opinion, the judge initially rejected defendants' claim that the judgment was void because the summary judgment record failed to demonstrate the subject note and mortgage were transferred to plaintiff upon the merger with Wachovia, and, therefore, plaintiff lacked standing. Judge Fiamingo quoted our decision in Deutsche Bank Nat'l Tr. Co. v. Russo, where we said: "[S]tanding is not a jurisdictional issue in our State court system and, therefore, a foreclosure judgment obtained by a party that lacked standing is not 'void' within the meaning of Rule 4:50-1(d)." 429 N.J. Super. 91, 101 (App. Div. 2012).

Judge Fiamingo then reviewed controlling precedent under subsection (f) of Rule 4:50-1. She noted that "[r]elief under [subsection (f)] is reserved for situations where 'truly exceptional circumstances are present[,]'" and "is limited to 'situations in which, were it not applied, a grave injustice would occur.'" (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286, 289 (1994)).

The judge observed that defendants entered into the consent order while represented by counsel, and there was no evidence that defendants' consent "was . . . obtained through any fraud or misrepresentation of plaintiff."

Judge Fiamingo also rejected defendants' claims that they "only 'recently discovered' claimed deficiencies in the certification submitted by plaintiff in support of the withdrawn motion for summary judgment which . . . would have materially changed their decision to enter into the consent order." The judge noted that defendants' predatory lending claims were not based on "recently discovered" facts because "all of the documents to which they refer[red] and upon which they base[d] their claim were in existence long before they entered into the consent order."

Lastly, Judge Fiamingo observed that the contesting answer defendants filed "alleged most of the issues [they] now wish to litigate and which they maintain they have yet to have a hearing on." However, "[d]efendants voluntarily dismissed those claims when they entered into the consent order." Judge Fiamingo entered an order denying defendants' motion to vacate final judgment.

Before us, defendants essentially argue the merits of defenses asserted in their contesting answer and conclude by urging us not only to vacate final

judgment but to "dismiss the foreclosure action with prejudice due to . . . [plaintiff's] lack of standing, fraud upon the court, unclean hands, and continuous engagement in the unlawful practices" enjoined by "state and federal authorities prior to [the] commencement of this instant matter."

We review a trial court's decision on a motion to vacate final judgment for an abuse of discretion. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). We reject defendant's arguments and affirm the order under review substantially for the reasons expressed by Judge Fiamingo.[1] We add only the following.

The relief defendants seek ultimately turns on whether the consent order should be set aside, thereby permitting defendants to assert their substantive claims. However, it is axiomatic that "settlements will usually be honored 'absent compelling circumstances.'" Brundage v. Estate of Carambio, 195 N.J. 575, 601 (2008) (quoting Nolan v. Lee Ho, 120 N.J. 465, 472 (1990)). "Compelling circumstances include 'mutual mistake, undue haste, pressure or unseemly conduct in settlement negotiations.'" Smith v. Fireworks by Girone,

---

[1] Although Judge Fiamingo did not address subsection (a) of Rule 4:50-1 in her opinion, defendants do not cite, or make any argument regarding, that subsection in their brief. An issue not briefed is waived. Drinker Biddle & Reath, LLP v. N.J. Dep't of Law & Pub. Safety, Div. of Law, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011).

Inc., 380 N.J. Super. 273, 291–92 (App. Div. 2005) (quoting AT&T Corp. v. Twp. of Morris, 19 N.J. Tax 319, 322 (2000)).  The party seeking to set aside the settlement must adduce "clear and convincing proof" why he or she should be relieved of the terms in the settlement.  Nolan, 120 N.J. at 472 (citing DeCaro v. DeCaro, 13 N.J. 36 (1953)).  As Judge Fiamingo noted, defendants failed to assert any compelling circumstances that justified relief.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4954-17T2