**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4200-15T3

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee of the
Indymac INDX Mortgage Loan Trust
2005-AR31, Mortgage Pass-Through
Certificates, Series 2005-AR31
Under the Pooling and Servicing
Agreement, Dated November 1,
2015,

    Plaintiff-Respondent,

v.

NICHOLAS F. FERRARA, JR. and
KATHRYN A. FERRARA,

    Defendants-Appellants,

and

JPMorgan Chase Bank, N.A.,

    Defendants.

_____

         Submitted September 14, 2017 — Decided September 28, 2017

         Before Judges Nugent and Geiger.

         On appeal from Superior Court of New Jersey,
         Chancery Division, Monmouth County, Docket No.
         F-013909-09.

Schillberg Law, LLC, attorneys for appellants (Robert F. Schillberg, Jr. and Corey D. Blaustein, on the briefs).

Duane Morris LLP, attorneys for respondent (Brett L. Messinger, Stuart I. Seiden and Kelly K. Huff, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendants Nicholas F. Ferrara, Jr. and Kathryn A. Ferrara appeal from a May 13, 2016 order denying their motion to vacate the final judgment of foreclosure and to dismiss the complaint. After a review of the contentions in light of the applicable legal principles, we affirm.

We discern the following facts and procedural history from the record on appeal. On December 20, 2004, defendants executed an $806,000 promissory note and a mortgage in the same amount to IndyMac Federal Bank, F.S.B. (IndyMac), a federally chartered savings bank to secure payment of the note. The mortgage granted a security interest in defendants' residential property located in Rumson, New Jersey. It was recorded in the Monmouth County Clerk's Office on January 22, 2005.

The note and mortgage required payment of 360 monthly installments commencing January 1, 2005. Defendants defaulted on the loan on January 1, 2009, and have made no subsequent payments on account.

On March 19, 2009, OneWest Bank FSB (OneWest) acquired IndyMac, including all of its assets, from the Federal Deposit Insurance Corporation (FDIC). OneWest thereby became the owner of the note and mortgage, giving it authority to foreclose the mortgage. An assignment of mortgage dated November 22, 2011 was executed by the FDIC as receiver for IndyMac, assigning the mortgage to OneWest. On December 5, 2011, OneWest assigned the mortgage to Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust. Both assignments were recorded in the Monmouth County Clerk's Office on December 29, 2011.

OneWest served defendants with the required notice of intent to foreclose more than thirty days prior to filing its foreclosure complaint on May 4, 2009. The complaint pled that plaintiff had acquired all assets of IndyMac from FDIC on March 19, 2009, including the note and mortgage, by way of merger and acquisition. The merger is a matter of public record.[1] Plaintiff thereby owned and controlled the note and mortgage when the complaint was filed.

Defendants never filed an answer to the complaint or raised any affirmative defenses in the foreclosure action. Defendants

---

[1] See FDIC, Failed Bank Information: Information for IndyMac Bank, F.S.B., and IndyMac Federal Bank, F.S.B., Pasadena, CA, https://www.fdic.gov/bank/individual/failed/IndyMac.html (last visited September 21, 2017).

A-4200-15T3

do not deny the validity of the note or mortgage, their responsibility for the mortgage debt, or the payment default. They have filed two bankruptcies while this foreclosure action has been pending.

On March 18, 2010, OneWest moved for entry of final judgment. Defendants did not oppose the motion. Final judgment was entered in favor of OneWest on November 18, 2010.

On January 12, 2012, OneWest's motion to substitute Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust, as plaintiff was granted. Plaintiff filed a motion to amend the final judgment and writ of execution on February 1, 2016, which was also granted.

Defendants waited until April 26, 2016, the eve of a scheduled sheriff's sale, and more than five years after the judgment was entered, to file their motion to vacate the final judgment and to dismiss the complaint. On April 26, 2016, the motion judge granted a postponement of the sheriff's sale to June 6, 2016. On May 13, 2016, the motion judge denied defendants' motion. Defendants then filed this appeal.

Defendants argue that their motion to vacate the foreclosure judgment and to dismiss the complaint should have been granted because plaintiff did not own or control the mortgage at the time the complaint was filed, as evidenced by the mortgage assignments

4

executed after the complaint was filed. Defendants maintain that plaintiff thereby lacked standing to bring the foreclosure action.

The Chancery judge denied defendants' motion, finding that it was both substantively without merit and time-barred by Rule 4:50-2. In her oral decision, the judge noted that "defendants did nothing to raise any of these defenses for six years[,]" and "let more than four years pass before filing this motion to vacate." The judge concluded that defendants' motion was time-barred by Rule 4:50-2, stating:

> Defendant seeks relief from a final judgment and . . . pursuant to Rule 4:50-2, the motion shall be made within a reasonable time and for Reasons A, B, C of Rule 4:50-1, not more than one year after the judgment, order, or proceeding was entered or taken. The defendant filed this motion in April of 2016. That's well beyond that one year and it's also six years after final judgment was entered or taken.

The judge also addressed the merits of defendants' motion, finding that defendants had failed to meet the standard imposed by Rule 4:50-1 for setting aside a default judgment, citing U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 466-67 (2012). After noting that fraud must be pled with particularity, the judge found that defendants failed to provide "any particulars here." The judge further determined that there was no fraud or misrepresentation.

As to defendants' contention that the judgment should be vacated because plaintiff lacked standing, the judge explained that standing is not a jurisdictional issue and a foreclosure judgment obtained by a party that lacked standing is not void within the meaning of Rule 4:50-1(d), citing Deutsche Bank Nat'l Trust Co. v. Russo, 429 N.J. Super. 91, 101 (App. Div. 2012).

The judge further determined that plaintiff had standing to initiate the foreclosure since it owned or controlled the underlying debt when the complaint was filed, citing Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011). With regard to the mortgage assignments executed after the judgment was entered, the judge stated,

> it is clear that a formal assignment of mortgage is not required to maintain a mortgage foreclosure action. Standing can be conferred by possession of the note and that is what the plaintiff showed. All the . . . assignments that the defendant complained of were post-judgment, so it . . . really begs the question. So I find that there is no reason to vacate the judgment.

I.

Defendants seek relief under Rule 4:50-1, which provides:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the

judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

The rule "governs an applicant's motion for relief from default when the case has proceeded to judgment." Guillaume, supra, 209 N.J. at 466. "The rule is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" Id. at 467 (quoting Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)).

Relief from judgment under Rule 4:50-1 "is not to be granted lightly." Bank v. Kim, 361 N.J. Super. 331, 336 (App. Div. 2003). Moreover, "the showing of a meritorious defense is a traditional element necessary for setting aside both a default and a default judgment . . . ." Pressler & Verniero, Current N.J. Court Rules, comment on R. 4:43-3 (2017). That is so because when a party has no meritorious defense, "[t]he time of the courts, counsel and

litigants should not be taken up by such a futile proceeding." Guillaume, supra, 209 N.J. at 469 (quoting Schulwitz v. Shuster, 27 N.J. Super. 554, 561 (App. Div. 1953)).

An appellate court reviews a trial court's order denying a Rule 4:50-1 motion for relief under an abuse of discretion standard. Id. at 467. "The trial court's determination under the rule warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." Ibid. An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

A.

Defendants seek relief from the final judgment under Rule 4:50-1(c), claiming that OneWest committed fraud and misrepresentation in its pleadings and filings because it did not own or control the note and mortgage at the time of the complaint.[2]

---

[2] In their reply brief, defendants assert that their argument is that the judgment is void pursuant to subparts (d) and (f) of Rule 4:50-1, rather than subparts (a), (b) or (c). During oral argument before the motion judge, however, defendants repeatedly alleged that plaintiff perpetrated a fraud. Moreover, in their appellate brief, defendants argued that OneWest committed "unconscionable fraud" by misrepresenting that it was the holder of the note and

They rely on the mortgage assignment to OneWest dated November 22, 2011, more than two years after the complaint was filed.

Defendants assert they believed OneWest owned the note and mortgage when the complaint was filed, claiming that OneWest hid the true ownership of the note and mortgage from the defendants and the court. Defendants claim that OneWest did so with the intent that they rely upon the misrepresentation, which they claim they reasonably did.

To bring an action in foreclosure, a plaintiff must possess either the note or an assignment of the mortgage. <u>Deutsche Bank National Trust Co. v. Mitchell</u>, 422 <u>N.J. Super.</u> 214, 216 (App. Div. 2011). Here, OneWest acquired all of the assets of IndyMac from FDIC on March 19, 2009, almost two months prior to the filing of the complaint on May 9, 2009. The complaint specifically pled that plaintiff had acquired all assets of IndyMac from FDIC on March 19, 2009, including the subject note and mortgage, by way of merger and acquisition. The merger is a matter of public record. Plaintiff thereby had timely ownership and possession of the note. Consequently, plaintiff stood in the shoes of IndyMac with regard to both the note and mortgage and had the right to

_____

mortgage at the time the complaint was filed. In addition to quoting subsection (c), they stated: "This misconduct is egregious and exactly the type of fraud that would trigger the use of <u>R.</u> 4:50-1(c) to vacate a judgment."

enforce the mortgage.  See Suser v. Wachovia Mortg., FSB, 433 N.J. Super. 317, 321 (App. Div. 2013), certif. denied, 227 N.J. 114 (2016) (explaining that the right to enforce a mortgage can arise from the ownership of assets acquired through merger and acquisition).  Accordingly, plaintiff did not commit fraud or misrepresentation in its pleadings and motion practice.

B.

Defendants also seek relief under Rule 4:50-1(d) and (f), alleging that plaintiff lacked standing when the complaint was filed, rendering the judgment void.  We disagree.

In order to have standing, "'a party seeking to foreclose a mortgage must own or control the underlying debt.'"  Ford, supra, 418 N.J. Super. at 597 (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)).  Without ownership or control of the underlying debt, "the plaintiff lacks standing to proceed with the foreclosure action and the complaint must be dismissed."  Ford, supra, 418 N.J. Super. at 597 (citing Raftogianis, supra, 418 N.J. Super. at 357-59).  "The essential holding in Raftogianis was that to establish standing to maintain a foreclosure action, a plaintiff must generally have had ownership or control of the underlying debt as of the date of the filing of the complaint."  Id. at 597, n. 1.

The record does not support defendants' contention that plaintiff lacked standing. Through merger and acquisition, plaintiff owned and controlled the note and mortgage at the time the complaint was filed, giving it standing to initiate the foreclosure. See Suser, supra, 433 N.J. Super. at 321. The belated written assignments of the mortgage did not affect plaintiff's standing. Thus, plaintiff had standing to initiate the foreclosure.

We reject defendants' contention the court erred by denying their motion to vacate the final judgment under Rule 4:50-1(d), which permits relief from a final judgment that is void. Any purported lack of standing does not render the final judgment or the amended final judgment void. See Russo, supra, 429 N.J. Super. at 101 (finding that "standing is not a jurisdictional issue in our State court system and, therefore, a foreclosure judgment obtained by a party that lacked standing is not 'void' within the meaning of Rule 4:50-1(d).").

Here, defendants waited more than five years after entry of the final judgment to assert the defense of lack of standing. As we further explained in Russo:

> Based on our reading of Guillaume and [Ford], we conclude that, even if plaintiff did not have the note or a valid assignment when it filed the complaint, but obtained either or both before entry of judgment, dismissal of

the complaint would not have been an appropriate remedy here because of defendants' unexcused, years-long delay in asserting that defense. Therefore, in this post-judgment context, lack of standing would not constitute a meritorious defense to the foreclosure complaint.

[Ibid.]

We agree with the chancery judge that vacating the judgment and dismissing the complaint more than five years after judgment was entered based on the purported lack of standing would be inappropriate. For this additional reason, defendants' motion was properly denied.

We are also unpersuaded that defendants are entitled to relief from the final judgment under Rule 4:50-1(f), "which permits courts to vacate judgments for 'any other reason justifying relief from the operation of the judgment or order.'" Guillaume, supra, 209 N.J. at 484 (quoting R. 4:50-1(f)). Relief under the subsection (f) is "available only when 'truly exceptional circumstances are present.'" Ibid. (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994)). Subsection (f) "is limited to 'situations in which, were it not applied, a grave injustice would occur.'" Ibid. (quoting Little, supra, 135 N.J. at 289).

Based on our careful review of the record and defendants' arguments, and for the reasons set forth above, we discern no basis permitting relief from the final judgment under Rule 4:50-

1(f). Defendants have not demonstrated any exceptional circumstances or that a grave injustice will result if the final judgment is not vacated.

C.

The trial court also ruled that defendants' motion was time-barred by Rule 4:50-2. We concur.

Motions made under any subsection of Rule 4:50-1 must be filed within a reasonable time. R. 4:50-2; see Deutsche Bank Trust Co. v. Angeles, 428 N.J. Super. 315, 319 (App. Div. 2012). Defendants did not file an answer or responsive pleading asserting the defense of lack of standing. They first raised that defense when they filed their motion on April 26, 2016, almost seven years after the complaint was filed, and more than five years after the judgment was entered. By any measure, defendants did not raise the defense or file their motion within a reasonable time. Accordingly, the motion was time-barred by Rule 4:50-2.

"In addition, Rule 4:50-2 bars relief outright to 'motions based on Rule 4:50-1(a), (b) and (c)' when filed 'more than one year after the judgment, order or proceeding was entered or taken.'" Angeles, supra, 428 N.J. Super. at 319 (quoting Orner v. Liu, 419 N.J. Super. 431, 436-37 (App. Div.), certif. denied, 208 N.J. 369 (2011)). Defendants allege, in part, that plaintiff committed fraud or misrepresentation. To that extent, their motion

falls under <u>Rule</u> 4:50-1(c), and is barred by the one-year time limit imposed for such motions by <u>Rule</u> 4:50-2.

II.

In summary, the motion judge properly applied the standard of <u>Rule</u> 4:50-1. Defendants have not met their burden of demonstrating a meritorious defense based on fraud, misrepresentation, or lack of standing, and are not eligible for relief from the judgment on those grounds under <u>Rule</u> 4:50-1. <u>See</u> <u>Guillaume</u>, <u>supra</u>, 209 <u>N.J.</u> at 467. We discern no error in the court's May 13, 2016 order denying defendants' motion to vacate the judgment and to dismiss the complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION